Mario MORENO–PENA, Petitioner—
Appellant,

v.

IMMIGRATION NATURALIZATION AND SERVICES, Respondent—
Appellee.

No. 01–17309.

D.C. No. CV–99–01721–DFL.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2002.*

Decided Dec. 19, 2002.

Before COWEN,** HAWKINS and W. FLETCHER, Circuit Judges.

MEMORANDUM***

The central issue raised by Moreno–Pena's appeal was whether the Supreme Court's statutory construction of 8 U.S.C. § 1231(a)(6) in *Zadvydas v. INS*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), applies to inadmissible aliens. This issue has been settled by our recent decision in *Lin Guo Xi v. INS*, 298 F.3d 832 (9th Cir., Aug. 1, 2002). Section 1231(a)(6) provides for the detainment of aliens sub-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Robert E. Cowen, Senior Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ject to a final order of removal. In *Zadvydas,* the Supreme Court, in order to avoid constitutional difficulties arising out of the indefinite detention of deportable aliens, interpreted the statute to contain an implicit "reasonable time" limitation. Moreno–Pena, an inadmissible "Mariel Cuban" in INS custody, filed a habeas petition, arguing that the Supreme Court's statutory construction applies to inadmissible as well as deportable aliens. The district court rejected Moreno–Pena's petition, but in *Xi,* we accepted the same argument made by Moreno–Pena.

Following *Xi,* the holding of *Zadvydas* applies to Moreno–Pena. If there is "no significant likelihood of removal in the reasonably foreseeable future," *Zadvydas,* 533 U.S. at 701, Moreno–Pena must be released from INS custody. The INS may, of course, attach reasonable conditions to his parole. *See* 8 U.S.C. § 1231(a)(3). If Moreno–Pena violates those conditions, he may be subject to criminal sanctions. *See id.* § 1253(b); *Zadvydas,* 533 U.S. at 695–96. But he may not be held indefinitely in civil detention.

Moreno–Pena emphasizes to us the length of time that has passed and requests that we remand to the district court with instructions that it order his release from INS custody. But based on the record before us, we are unable to rule on the likelihood that Moreno–Pena will be removed. He has been ordered deported to Cuba, or alternatively to the Philippines. In this court, Moreno–Pena and the INS dispute the likelihood that Cuba will accept him; neither party has presented an argument about the likelihood of deportation to the Philippines. The district court, in its original ruling, did not make a finding about the likelihood of deportation, and there is little evidence in the record on this matter. We therefore remand the case for further proceedings. Given the length of time that Moreno–Pena has been held in custody, we are confident that the district court will make every effort to resolve the matter expeditiously.

REVERSED and REMANDED.